## SALLINGER v. SCONTRINO.

### No. 16469.

Court of Appeal of Louisiana. Orleans.

Oct. 19, 1936.

Montgomery & Kehl and James J. Landry, all of New Orleans, for appellant.

Cabral, Lenfant & Villere, of New Orleans, for appellee.

JANVIER, Judge.

This litigation arises as the result of an automobile collision which occurred at the corner of Canal street and North Hagan avenue on February 2, 1936, at about 8 o'clock in the morning. The automobiles involved were a Willys-Knight, which was being operated by Mrs. Sallinger on Canal street in the direction of Lake Pontchartrain, and which she was attempting to turn from that street into North Hagan avenue in an uptown direction; and a truck owned and driven by defendant Scontrino, which was being operated also on the lower side of Canal street toward the lake.

Plaintiff alleges that she was driving her automobile alongside the neutral ground and that, as she was making a left turn to go in the uptown direction, it was violently struck by the truck operated by Scontrino, which had approached from the rear. She seeks recovery for her pain and suffering and medical expenses, as well as for damage to her automobile, estimating her entire loss at $298.

Scontrino admits that the two automobiles were in collision, but contends that plaintiff's car was not proceeding near the neutral ground, but, on the contrary, had been parked on the opposite side of the roadway, and that, as he approached, it was suddenly driven by plaintiff from its position alongside the curb directly across in front of his car, and that it was impossible for him to stop before striking it.

By reconventional demand he seeks judgment against Mrs. Sallinger in the sum of $65, which is the amount he alleges he

was required to pay for the repair of the damage sustained by his truck.

In the court below there was judgment for plaintiff, as prayed for, in the sum of $298, and the reconventional demand of Scontrino was dismissed.

The oral evidence is conflicting, the witnesses being about evenly balanced numerically and otherwise between those who state that Mrs. Sallinger's automobile was proceeding near the neutral ground, and those who testify that it had been parked on the other side of the roadway and was driven suddenly into the roadway and in front of the approaching truck.

But the damage to Mrs. Sallinger's car was all sustained by its left side and, in fact, one of the doors on that side was damaged to some extent. Had her car been proceeding along Canal street with its left side very close to the neutral ground, as she contends, and had it turned to the left, it is almost inconceivable that defendant's truck could have struck it on that side. Even if she had given no visible signal of her intention to turn to the left, the immediate reaction of Scontrino on seeing her make the turn would have caused him to pull to the right and he would have struck it, if at all, in the rear. The fact that he also turned to the left leads us to the conclusion that she drove her car from his right across the path which was being followed by his truck, because, had she done this, as we believe she did, he would instinctively have turned sharply to the left into the direction in which she was going.

We therefore conclude, from a consideration of the physical facts, that Mrs. Sallinger left her position alongside the right-hand curb and drove suddenly across in front of defendant's oncoming truck when it was no longer possible for him to stop.

But we also believe that the record shows that the speed at which Scontrino was proceeding was excessive and that this speed evidenced carelessness on his part which should prevent recovery on his reconventional demand.

We are aware of the overwhelming jurisprudence to the effect that the judgment of a trial court on a question of fact should not be reversed unless manifestly erroneous, but we feel that the physical evidence predominates to such an extent as to indicate that the judgment from which the appeal was taken is manifestly wrong.

It follows that the judgment in favor of plaintiff should be reversed, but that the judgment against plaintiff in reconvention should be affirmed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, reversed in so far as it is in favor of plaintiff and that plaintiff's suit be, and it is, dismissed at her cost.

It is further ordered, adjudged, and decreed that the judgment on the reconventional demand be, and it is, affirmed at the cost of defendant, reconvenor.

Reversed in part;

Affirmed in part.